IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORI GRIFFIN, | ) | Case No. 4:17-cv-3005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | RULE 26(f) REPORT |
| LEE ENTERPRISES, INCORPORATED d/b/a | ) | |
| LINCOLN JOURNAL STAR, | ) | |
| | ) | |
| Defendant. | ) | |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

Joy Shiffermiller, representing plaintiff Lori Griffin; Shawn D. Renner, representing defendant Lee Enterprises, Inc.

The parties discussed the case and jointly make the following report:[1]

**I.    INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>:  The defendant

        _____ does

         X   does not

        contest jurisdiction and/or venue.  If contested, such position is because:

        1)    Jurisdiction:_____

        2)    Venue:_____

    B.    <u>Immunity</u>:  The defendant

        _____ has raised

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions.  See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

-1-

    \_\_\_\_\_ will raise

     X  will not raise

an immunity defense based on_____.

C. If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion. _____

D. Rule 11 Certification: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). _____

## II. CLAIMS AND DEFENSES:

A. <u>Plaintiff's Claims, Elements</u>: The elements of the plaintiff's claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof. (DO NOT repeat boilerplate allegations from pleadings):

    1) CLAIM ONE: **FEPA Gender Discrimination**
         Elements:

1. Plaintiff is a woman.

2. Plaintiff was discriminated against, terminated, and/or harassed because of her gender.

3. As a result of Defendant's unlawful discrimination, Plaintiff damages, to lost wages, compensatory damages and attorney fees.

Of these elements, defendant disputes the following: 2 and 3.

    2)    CLAIM TWO: **Equal Pay Act**
Elements:

1. Plaintiff is a woman

2. Plaintiff performed substantially similar work to a man

3. Plaintiff was paid less than the men performing the substantially similar position.

4. Plaintiff has been damaged

5. The violation was willful, entitling the Plaintiff to penalties.

Of these elements, defendant disputes the following: 2, 3, 4 and 5.

    3)    CLAIM THREE: **FEPA Retaliation**

1. Plaintiff opposed employment action that she reasonably believed to be unlawful.

2. Plaintiff was discriminated against, terminated, and/or harassed because of her opposition to unlawful employment actions.

3. As a result of Defendant's unlawful discrimination, Plaintiff damages, to lost wages, compensatory damages and attorney fees.

Of these elements, defendant disputes the following: 1, 2 and 3.

    4)    CLAIM FOUR: **NADEA**

1. Plaintiff is over 40 years old.

2. Plaintiff was terminated and otherwise discriminated against based on her age.

   3. Defendants policies and practices used in the reduction of force had a disparate impact on persons over 40.

   4. Plaintiff has been damages and has lost wages and benefits.

   5. Defendants actions were willful entitling the Plaintiff to penalties.

   Of these elements, defendant disputes the following: 2, 3, 4 and 5.

B. Defenses. The elements of the affirmative defenses raised by the pleadings are as follows. List each affirmative defense raised or expected to be raised by the defendant(s), and the substantive elements of proof. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

   1) DEFENSE ONE: Defendant has asserted no affirmative defenses.
      Elements: _____
         Of these elements, the plaintiff disputes the following: _____

      (REPEAT FOR EACH DEFENSE)

## III. SETTLEMENT:

Counsel state:

   _____ There have been no efforts taken yet to resolve this dispute.

   __X__ This dispute has been the subject of efforts to resolve it

      __X__ prior to filing in court.

      _____ after court filing, but before the filing of this report.

      Those efforts consisted of
      Communication of settlement offers by counsel for plaintiff and counsel for defendant.

   __X__ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel.

      __X__ Mediation may be appropriate in this case at some point.

      _____ Mediation will not be appropriate because _____.

    \_\_\_\_\_ Counsel believe that with further efforts in the future, the case can be settled. The parties will be prepared to discuss settlement, or again discuss settlement, by _____.
Explain. _____

**IV. CASE PROGRESSION:**

A. Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered? **NO**
Explain._____

B. Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

    \_\_\_\_\_ have been completed.

    **X** will be completed by May 1, 2017.

C. Motions to amend the pleadings or to add parties.

    1) The plaintiff

        \_\_\_\_\_ does

        **X** does not

        anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by _____.

    2) The defendant

        \_\_\_\_\_ does

        **X** does not

        anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by _____.

If more than ninety days are needed, state the reason(s) why such time is necessary._____

D. Experts.

       1)     If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by October 15, 2017.

       2)     Expert **reports** shall be served by: plaintiff's expert report(s), if any, due by November 1, 2017, and defendant's expert report(s), if any, due by November 15, 2017. **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

       3)     Motions to exclude expert testimony on *Daubert* and related grounds will be filed by December 15, 2017.

E.    Discovery.

       1)     Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by July 1, 2017.

       2)     Depositions, whether or not they are intended to be used at trial, will be completed by October 1, 2017.

       3)     Agreed Discovery Procedures:

          a.    <u>Unique Circumstances</u>. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:_____.

          Counsel have agreed to the following actions to address that difficulty: _____.

          b.    <u>Electronic Discovery Provisions</u>: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

              (i)     The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

              (ii)    The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

   (iii) The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

   (iv) Whether reasonable measures have been implemented to preserve such data;

   (v) The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

   (vi) The form and method of notice of the duty to preserve;

   (vii) Mechanisms for monitoring, certifying, or auditing custodial compliance;

   (viii) Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

   (ix) Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

   (x) The anticipated costs of preserving these materials and how such costs should be allocated; and

   (xi) The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

 __X__ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

 _____ As to electronically stored information, the following provisions will be followed by the parties: _____.

 c. <u>Privileged and/or confidential communications and information</u>.

   **General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each

-7-

document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

(i) Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

(ii) Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

(iii) As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

__X__ No special provisions are needed regarding discovery of allegedly confidential information. If such issues arise, they will be resolved in accordance with the court's general practice.

_____ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed: _____.

        d.        The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is 25.

        e.        The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 5.

        f.        Depositions will be limited by Rule 30(d)(1).

        g.        The parties stipulate that they will be required to give at least 7 days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance.  See NECivR 45.1

        h.        Other special discovery provisions agreed to by the parties include: _____.

F.        The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): defendant believes all claims may be appropriate for disposition via summary judgment motion.
Motions for summary judgment will be filed by December, 2017.

G.        Other matters to which the parties stipulate and/or which the court should know or consider: _____.

H.        Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals.  If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

_____ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

 X   All parties do not consent at this time.

I.        Trial date.

        1)        Jury Trial:

    a.    \_\_\_\_\_ No party has timely demanded a jury trial.

    b.    <u> X </u> A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    c.    \_\_\_\_\_ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case. A motion to strike the <u>(plaintiff's/defendant's)</u> demand for jury trial will be filed no later than _____.

    d.    \_\_\_\_\_ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

    e.    \_\_\_\_\_ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2) This case will be ready for trial before the court by: <u>January, 2018</u>. If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation.

3) The estimated length of trial is 3-4 days, most likely 3 days.

Dated: March 22, 2017

| | |
|---|---|
| s/Joy Shiffermiller | s/Shawn D. Renner |
| Joy Shiffermiller - #18164 | Shawn D. Renner - #17784 |
| Shiffermiller Law Office, P.C., L.L.O. | Cline Williams Wright Johnson |
| 1002 G Street |  & Oldfather, LLP |
| Lincoln, NE 68508 | 233 S. 13 St., Suite 1900 |
| (402) 484-7700 | Lincoln, NE 68508 |
| Counsel for Plaintiff | (402) 474-6900 |
| | Counsel for Defendant |

CERTIFICATE OF SERVICE

      I hereby certify that on March 22, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Joy Shiffermiller

      s/<u>Shawn D. Renner - #17784</u>

(Rev. 12/1/16)

4839-2047-1621, v. 2