IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| LORI GRIFFIN, | ) | Case No. 4:17-cv-3005 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| LEE ENTERPRISES, INCORPORATED d/b/a LINCOLN JOURNAL STAR, | ) | |
| | ) | |
| Defendant. | ) | |

The parties, through counsel, as evidenced by the signatures of their respective counsel below, have stipulated to the entry of a Protective Order to preserve the confidentiality of certain documents in this matter, specifically, any interrogatory answer or any document produced by either party, which discloses personal information (e.g., age, sex, salary, employment history, etc.) of any current or former employee of the Lincoln Journal Star.

The Court, being duly advised in the premises, finds as follows:

1. The records referenced above and any copies thereof shall be utilized by Plaintiff and Defendant solely in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement, and for no other purpose, and shall not be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.

2. Before counsel discloses the records to any designated expert or consultant or to their clients, said individual must first execute the following agreement:

# AGREEMENT OF CONFIDENTIALITY

I hereby certify that I have read the Protective Order entered on _____ ___, 2017, (the "Order") in the action now pending in the U.S. District Court for the District of Nebraska, entitled <u>Lori Griffin v. Lee Enterprises, Incorporated d/b/a Lincoln Journal Star</u>, (the "Action"), and am fully familiar with its terms.  I understand that in the course of my activities in connection with the Action I may have occasion to examine, inspect, or be exposed to records subject to the terms of the Protective Order. I therefore agree to be bound and comply with all of the terms and prohibitions of the Order and not to do any act or thing in violation of the Order.

     3.     All persons to whom the records are disclosed pursuant to this Order shall:

     a.     be responsible for keeping such custody of control over said records so as to assure that said records are not lost, misplaced, or inadvertently disclosed in violation of the provisions of this Order;

     b.     not reveal the contents of the records to any person not already subject to the terms of this Order;

     c.     not reveal or use the contents of the records except for the purposes set forth in Paragraph 1 above; and

     d.     return promptly to counsel for the disclosing party any copy of any such records entrusted to him or her when no longer required by him or her for the purposes set forth in Paragraph 1 above.

     4.     The records or any information contained therein shall be treated as confidential pursuant to the terms of this Protective Order.

5. After this action is terminated by the entry of a final and no-further-appealable order, the records and the information contained therein shall not thereafter be disclosed to any third party and shall be returned to the agency which provided said records.

6. This order is to remain in force until modified by the Court for good cause shown.

DATED this 21st day of September, 2017.

BY THE COURT:

s/ Cheryl R. Zwart
Magistrate Judge

4811-0411-2460, v. 1